```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
UNITED STATES OF AMERICA,
                                                   MEMORANDUM AND ORDER
        - against -
                                                    00 Cr. 1137 (NRB)
VIRGILIO MANUEL ROMERO,
                                                    11 Cr. 299-2 (NRB)
                Defendant.
---------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Virgilio Manuel Romero pled guilty to the charge of participating in a conspiracy to distribute cocaine to resolve 00 Cr. 1137 and also pled guilty to the charge of participating in a conspiracy to distribute ecstasy to resolve 11 Cr. 299-2. On June 27, 2013, a consolidated sentence of 161 months' imprisonment was imposed for both cases. On August 3, 2017, the Court granted the defendant's motion for sentence reduction pursuant to the Amendment 782 to the Sentencing Guidelines and thereby reduced the defendant's sentence to 151 months' imprisonment. On August 12, 2020, the Court received defendant's motion for compassionate release from CI Moshannon Valley. For the following reasons, defendant's motion is denied.

Title 18, Section 3582(c)(1)(A)(i) of the United States Code permits a court to "reduce a term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[1]  However, a court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Defendant submitted a copy of the letter by the facility administrator of CI Moshannon Valley, denying his request for compassionate release.  As this motion is brought pro se, it should "be construed liberally to raise the strongest arguments [it] suggest[s]."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 479 (2d Cir. 2006).  However, defendant still bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A).  See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).  Because he has failed to do so, his motion is denied.

Defendant cites deteriorating health conditions of his parents in the Dominican Republic and his desire to stay with them as the bases for his release.  Although we are sympathetic to the

---

[1]  Although defendant generally cites 18 U.S.C. § 3582(c)(1)(A) as the basis of his motion, we limit our inquiry to § 3582(c)(1)(A)(i) because the other subsection of § 3582(c)(1)(A) is inapposite.

defendant's position, neither Section 3582 nor any of the Sentencing Commission's policy statements recognizes such a situation as a basis for sentence reduction.  Therefore, defendant has failed to establish any extraordinary and compelling reason to release him, and his motion is denied.[2] [3]

    **SO ORDERED.**


Dated:   New York, New York
         August 19, 2020

                                          NAOMI REICE BUCHWALD
                                          UNITED STATES DISTRICT JUDGE

---

[2]    Defendant's reference to his ineligibility for the Residential Drug Abuse Prevention Program and its one-year sentence reduction incentive due to his immigration status does not warrant a different outcome because "courts have repeatedly upheld the constitutionality of this policy." Acosta v. United States, No. 12 Cr. 224 (PGG), 2020 WL 2115067, *5 (S.D.N.Y. May 2, 2020).

[3]    Even if defendant had met the burden of establishing that his personal circumstances constituted an extraordinary and compelling basis for his release, the application of the factors set forth in 18 U.S.C. § 3553(a) still counsel against release.

3